Filed 8/29/23  P. v. Randall CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES LEE RANDALL,<br><br>    Defendant and Appellant. | F085042<br><br>(Super. Ct. No. F19905858)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

\*        Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

This case returns to our court following a remand for resentencing ordered in the direct appeal brought by defendant James Lee Randall.  (*People v. Randall* (June 27, 2022, F080614) [nonpub. opn.].)**1**  Resentencing was declared necessary due to recent legislative changes that could have resulted in a shorter sentence for defendant.  The only issues before this court following resentencing are whether the trial court improperly imposed the upper term for a domestic violence conviction because an incorrect standard was relied upon and whether the calculation of postsentence custody credits was correct.  Our review of the record and the new sentence imposed causes us to conclude defendant has failed to show the choice of the upper term was irrational or arbitrary.  However, the matter is remanded as to the calculation of defendant's postsentence custody credits.

## PROCEDURAL AND FACTUAL SUMMARY

This case involves an act of domestic violence defendant committed on his long-standing girlfriend in 2019.  Defendant was accused of hitting his girlfriend during an argument and causing her left eye to swell shut.  The jury not only found defendant guilty of the charge of inflicting corporal injury upon a former cohabitant, but also found he inflicted great bodily injury during that episode.  A more detailed summary of the facts involved in this case can be found in this court's opinion in *People v. Randall*, *supra*, F080614.

Again, on June 27, 2022, this court issued its opinion affirming defendant's convictions for inflicting corporal injury on a former spouse or cohabitant (the domestic violence charge) and contempt of court, but remanded the matter so that defendant could be resentenced under amended versions of Penal Code**2** sections 1170 and 1385.  Defendant was resentenced on October 3, 2022.

---

**1**    On this court's own motion, we take judicial notice of this opinion, pursuant to Evidence Code sections 452, subdivision (d) and 459.

**2**    All further statutory references are to the Penal Code.

2.

During his resentencing hearing, defendant testified about childhood trauma he had been subjected to by a family friend, as well as the loss of various family members at crucial times in his life. Defendant also explained that he had been diagnosed as a paranoid schizophrenic before this latest conviction, but that he had not been taking his medications at the time of the incident involved in his case. Defendant testified that just prior to the domestic violence incident, he was distraught because his daughter's mother had taken her out of school and moved her to Texas without his knowledge, causing him to lash out. Defendant's sister also testified during the resentencing hearing and confirmed the abuse he received as a child from a family friend.

Following the evidence presented on defendant's behalf, the prosecution submitted into evidence various certified documents representing defendant's prior convictions and prison terms. Those documents were eventually entered into evidence without objection by the trial court.

The trial court struck defendant's prior serious felony conviction, but declined to reduce the upper term sentence on the domestic violence offense and denied his request to strike his prior strike conviction. The court then stated:

> "The Court does consider the mitigating circumstances that he was suffering from a mental condition, but does note that there's been no assertion that it significantly reduces culpability for the offense even though he did have schizophrenia. Somewhat related to this issue is the request for Penal Code 1385 relief as it pertains to the enhancements of the GBI or nickel prior, and the Court would note there's been no showing to the Court's satisfaction that the mental illness or childhood trauma victimization was a substantially contributing factor to the offenses committed here, meaning that did this factor play a significant role in this crime, and maybe this is how he addresses conflict, but does not show that, to the Court's way of thinking, that this was a PTSD situation where maybe he might not have been in full possession of his faculties to mitigate the mental, his culpability for the offense based upon his mental health. After considering that circumstance likewise the Court does believe still that the upper term is the appropriate term for [defendant]."

The court ultimately resentenced defendant to a term of 14 years, consisting of the upper term of five years for the domestic violence charge, which was doubled due to the prior strike conviction, for a total of 10 years. The court then added the middle term of four years for the great bodily injury enhancement.[3] Defendant received 1,145 days' credit against his sentence. Defendant appeals this new sentence.

## DISCUSSION

Defendant's focus in this appeal is on the choice of the upper term for the domestic violence conviction, and an alleged miscalculation of the credits he was due to receive at the time of resentencing. We address each claim separately.

### I. The Section 1170, Subdivision (b)(6)(A) Challenge

Defendant believes the trial court failed to use the correct standard specified in section 1170, subdivision (b)(6)(A) when choosing the upper term for the domestic violence charge. The People contend defendant has forfeited this claim. The People argue that defense counsel did not invoke or attempt to apply section 1170, subdivision (b)(6)(A) during sentencing. We disagree.

#### A. The Challenge Was Not Forfeited

"In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Cardenas* (2020) 53 Cal.App.5th 102, 125.) The failure to make a timely and meaningful objection regarding certain sentencing issues will forfeit or waive those issues on appeal. (*People v. Palmer* (2013) 58 Cal.4th 110, 116.) "In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law,

---

[3] The sentence for defendant's misdemeanor conviction for contempt of court was noted in the minute order of the resentencing, but not in the first amended abstract of judgment. That term was likely already served, as it was meant to run concurrently with the more serious charge.

were imposed in a procedurally or factually flawed manner." (*Scott*, at p. 354.) Included in the forfeiture rule are " 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices.' " (*People v. Wall* (2017) 3 Cal.5th 1048, 1075.) However, " 'unauthorized sentence[s],' " i.e., sentences that are not legal under any circumstances, remain reviewable. (*Scott*, at p. 354.)

We do not believe this issue was forfeited. The issue of childhood trauma was raised in the record of the resentencing hearing through defendant's testimony and was reiterated in his sister's testimony. The issue of mitigation under section 1170 was also raised in the sentencing memorandum submitted on defendant's behalf to the trial court before the hearing.[4]

**B.     Was an Incorrect Standard Used by the Trial Court When Imposing the Upper Term?**

Defendant contends the trial court abused its discretion by relying on a higher standard of proof when considering whether or not to reimpose the upper term for the act of domestic violence, citing the language of section 1170, subdivision (b)(6)(A), which provides:

> "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a *contributing factor* in the commission of the offense:
>
> > "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (Italics added.)

Defendant believes that when considering which term to impose for the act of domestic violence, the court improperly relied on a stricter or higher standard found in

---

[4]     Because we have decided this issue was not forfeited, we do not address the ineffective assistance of counsel argument raised by defendant in his opening brief.

section 1385, subdivision (c)(5), requiring a court to conclude "the defendant's mental illness *substantially contributed* to the defendant's involvement in the commission of the offense." (Italics added.) Section 1385 addresses the potential dismissal of an enhancement.

As quoted above in this opinion, when issuing the new sentence, the trial court addressed mitigating circumstances and stated its conclusion no showing had been made defendant's mental condition "significantly reduce[d his] culpability for the offense." The court went on to note that this conclusion was related to its decision not to dismiss the prior strike enhancement under section 1385, as there had been no showing defendant's mental illness or childhood trauma "was a substantially contributing factor to the offenses committed here." We believe the reference to a "substantially contributing factor" was directly linked to the discussion about section 1385.

Furthermore, this discussion occurred in the context of the trial court explaining its thoughts about this factor as a mitigating factor. The court had just addressed aggravating factors which were documented in exhibits entered into evidence showing defendant served a prior prison term, was on probation when this new offense was committed, and that his "prior performance on supervision was unsatisfactory." The court also made mention of certified exhibits that had been entered into evidence showing defendant's prior convictions. This is significant because section 1170, subdivision (b)(3) specifically allows a court to rely upon a certified record of prior convictions to impose an upper term, without having to submit the question to a jury.

Ultimately, a party appealing a sentence has the burden to show the decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377 (*Carmony*).) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) If a record is silent on what the court considered when sentencing a defendant, but the " 'record demonstrates that the trial court balanced the relevant facts

and reached an impartial decision in conformity with the spirit of the law,' " the trial court's sentence should be affirmed, even if the reviewing court might have ruled differently. (*Carmony*, at p. 378.) Absent such a showing, we presume the court considered all the relevant factors properly. (See *People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.)

While the record was not silent on what the trial court considered when sentencing defendant, the record clearly showed the various factors the court balanced in its effort to reach a " 'decision in conformity with the spirit of the law.' " (See *Carmony*, *supra*, 33 Cal.4th at p. 378.) Absent a more affirmative showing of error, we presume the court considered all the relevant factors properly.

## II. The Calculation of Postsentence Credits

The parties agree that the calculation of postsentence credits awarded to defendant in the first amended abstract of judgment for the period between January 7, 2020, when he was originally sentenced, to October 3, 2022, when he was resentenced, is incorrect. The first amended abstract awarded defendant 993 days for this period of time. The parties, however, disagree on exactly how many days of postsentence credit defendant is actually entitled to receive. The People believe defendant is entitled to 999 days because his commitment to the Department of Corrections and Rehabilitation did not begin until the day after he was sentenced. Defendant believes the correct number is 1,000 days, with the new counting commencing on the day he was sentenced.

We agree with defendant that he is entitled to 1,000 days of custody credit between January 7, 2020, and October 3, 2022. A "sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

A trial court exercises no discretion when computing postsentence custody credits, but instead performs what amounts to being a ministerial duty by applying an established

7.

formula.  (See *People v. Jack* (1989) 213 Cal.App.3d 913, 917.)  Accordingly, we direct the trial court to correct the postsentence custody credits by awarding defendant 1,000 days for the period between January 7, 2020, and October 3, 2022.

## DISPOSITION

The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation a second amended abstract of judgment awarding defendant 1,000 days of postsentence custody credits for the period between January 7, 2020, and October 3, 2022.  In all other respects, the judgment is affirmed.